(No. 3238—

JOSEPH BORDENKECHER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1943.*

GEORGE B. MARVEL, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

This claim was filed on March 31, 1938 pro se and the record completed June 14, 1943.

Claimant alleges; that he was employed as a special laundry laborer at the Manteno State Hospital, Manteno, Illinois on February 7, 1935; that on the 30th day of April, 1937, while assisting in the installation of a new unit on a switchboard, claimant's left hand came in contact with the switch carrying 220 volts and the current passed through his body, hurling claimant against a brick wall, fracturing the ulna of the right arm.

Claimant further alleges that in reducing the fracture, his fore-arm was placed on a board made from an orange box and that two weeks later his fore-arm was placed in a plaster cast.

Claimant alleges that his arm was improperly reduced and is now crooked.

Claimant seeks an award for the partial loss of the use of his right hand and arm.

The claim in this case was filed pro se and on October 16, 1942, appearance of George B. Marvel was filed as Attorney for claimant.

The record consists of the complaint, stipulation of facts, waiver of statement, brief and argument on behalf of claimant and statement, brief and argument on behalf of respondent.

All jurisdictional requirements have been met and claimant is entitled to the benefits of the Workmen's Compensation Act.

It is conceded and admitted by respondent that the accident in this claim arose out of and in the course of his employment, while claimant was properly engaged in the performance of his duties. The only question for determination here is the amount of compensation to which claimant is entitled.

By stipulation of facts filed herein it is shown that three physicians of the Department of Public Welfare examined the claimant on January 21, 1943, and reported.

"It is our opinion after a thorough physical examination and roentgenographic study of Joseph Berdenkecher, who was examined under date of January 21, 1943 at the Manteno State Hospital, that ten per cent of the present permanent disability could be attributed to a service connected injury sustained while employed by the Manteno State Hospital on the last day of April, 1937. Moreover, it is our opinion that the bowing effect of the arm is not the result of the accident."

No other evidence is submitted of the extent of the injury. Claimant is, therefore, entitled to compensation for 10% loss of the use of his right arm.

Claimant earnings amounted to $1,244.00 per year. His average weekly salary was $23.92 per week. Section 8, paragraph e(13) of the Workmen's Compensation Act provides for 50% of the average weekly wage during 225 weeks for the total loss of the use of an arm. 50% of claimant's average weekly wage equals $11.96. If claimant had sustained a total loss of the use of his arm he would be entitled to receive 225 times $11.96 or $2,691.00. His loss, however, being 10% of the use of his arm he is entitled to receive 10 per cent of $2,691.00 or the sum of $269.10.

An award is therefore entered in favor of claimant, Joseph Bordenkecher, in the sum of $269.10 all of which is accrued and payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "an Act concerning the payment of compensation awards to State employees."